JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Frank Mullery

## DEFENDANTS
Maureen Borelli f/k/a Maureen Ames

**(b)** County of Residence of First Listed Plaintiff: **Delaware County, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Monroe County, FL**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fridrikh V. Shrayber
Dentons Cohen & Grigsby PC
625 Liberty Ave, 5th Floor, Pittsburgh, PA 15222
(412) 297-4900

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- [x] 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
- **Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. § 1332

Brief description of cause: Defendant made false and defamatory statements of and concerning Plaintiff Mullery to third persons which damaged his business and reputation.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ In excess of $75,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: Mar 4, 2025

SIGNATURE OF ATTORNEY OF RECORD: */s/ Fridrikh V. Shrayber, Esq.*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Newtown Square, Pennsylvania</u>

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / [X] **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.  Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
[X] 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / [X] **does not** have implications beyond the parties before the court and ☐ **does** / [X] **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X]    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK MULLERY,<br><br>                 Plaintiff,<br><br>          v.<br><br>MAUREEN BORELLI<br>F/K/A MAUREEN AMES,<br><br>                 Defendant. | Case No.  2:25-cv-1155<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Frank Mullery ("Plaintiff" or "Mullery"), by and through his undersigned counsel, files the following Complaint against Defendant Maureen Borelli f/k/a Maureen Ames ("Defendant" or "Ames").

**PARTIES**

1. Plaintiff Frank Mullery is and at all times relevant has been a citizen of the Commonwealth of Pennsylvania residing in Newtown Square, Pennsylvania. Mullery was previously employed by Sintetica US LLC ("Sintetica") at it its offices in Princeton, New Jersey.

2. Upon information and belief, Maureen Ames is and at all times relevant has been a citizen of the State of Florida residing in Key West, Florida. Ames was previously employed by Sintetica US LLC at its offices in Princeton, New Jersey.

**JURISDICTION**

3. This is an action between citizens of different states and the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000. This Court, therefore, has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

4.      This Court has personal jurisdiction over Ames because she has maintained sufficient contacts with, directed false, misleading and deceptive statements towards, has expressly aimed her misconduct towards and has otherwise caused harm in, the forum in a manner sufficient to place her within the personal jurisdiction of this Court, as set forth more fully herein.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to Plaintiff's claims occurred within the judicial district of the United States District Court for the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

6.      Sintetica, based in Princeton, New Jersey, was established in July 2022. Sintetica seeks to innovate medical therapies through its unique capability to distribute sterile injectable medicines, including those of its European parent corporation Sintetica SA.

7.      Frank Mullery was previously employed as Sintetica's President ("President"), with a mission to create and execute Sintetica's product development and commercial strategy in the United States by building upon his more than 20 years of experience in the US healthcare industry in senior leadership roles at various companies.

8.      On or about January 9, 2024, with the hope of furthering Sintetica's objectives in the United States market, Sintetica presented an Offer Letter to Defendant Ames, offering her a position as National Account Director for Sintetica.

9.      That same day, Ames accepted the Offer Letter and position, establishing an at-will employment relationship pursuant to the attendant terms and conditions as set forth in the document.

10.     The Offer Letter set forth the following terms and restrictions related to the terms

of employment, post-employment obligations, confidentiality, and adherence to Sintetica's applicable employee handbook(s).

**"At Will" Employment Relationship** ": Employment with the Company is for no specific period of time. Your employment with the Company will be "at will," meaning that either you or the Company may terminate your employment at any time and for any reason, with or without cause. Although your job duties, title, compensation, and benefits, as well as the Company's personnel policies and procedures may change from time to time, the "at will" nature of your employment may only be changed in an express written agreement signed by you and a duly authorized officer of the Company.

**Termination of Salary and Benefits:** In the event that your employment is terminated by you or the Company, you shall return all and any computers, smart tools, equipment, tools, passwords, keys, company credit cards, et al. You shall be compensated only for that portion of your salary accrued and earned through the date of termination. In accordance with State and local law, benefits and perks paid and sponsored for you by the Company will likewise end on or around the date of termination. The Company is not obligated to pay out unused or accrued vacation days or bonuses. For clarity, all salary and benefits and/or remuneration shall terminate upon the termination of your employment with the Company.

**Confidentiality and IP Protection:** You acknowledge that, in connection with your employment by the Company, you will have access to information of value to the Company, which has not been publicly disclosed, including, without limitation, trade secrets, developments, designs, pricing, and mailing lists, the identity of actual and potential clients, identity of suppliers and terms and conditions of sale, marketing plans, product information, business and financial information and plans, strategies, forecasts, new product and services, financial statements, budgets, projections and pricing (collectively, the "Proprietary Information"). You understand and agree that all Proprietary Information shall be the sole property of the Company and the Company shall be the sole owner over all patents, trademarks, trade names, and other rights in connection therewith and without regard to whether the Company is at any particular time in developing or marketing the same. You will be required to document, keep updated, and provide Proprietary Customer Information to the Company, which must be done without hesitation. You will both during your employment by the Company and thereafter, keep in strict confidence all Proprietary Information and you will not use or disclose any Proprietary Information without the prior written consent of the Company, except as may be necessary to the performance of this Agreement and in furtherance of the best interests of the Company, or as required by law or governmental authority.

*********************

**Key Employment Conditions:**

    a) You will devote your full working time, attention, and energies to the business of the Company in a loyal and conscientious manner and to the best of your abilities and experience.

    b) You agree to adhere to all of the Company's policies in effect at any time with respect to its employees, including those set forth in the Company's Employee Handbook.

    c) Documents Required on Your First Day of Employment: On your first day of employment, you will be required to provide proof of your eligibility to work in the United States by providing us with the appropriate documentation to complete your "Employment Eligibility Verification Form" or Form I-9. Please bring documentation that satisfies the requirement for this form by providing one document from List A OR one document from List B AND one document from List C shown on the attached document. If you have any questions, please let us know.

11.    Thus, the Offer Letter established: (a) the at-will nature of Ames' employment with Sintetica; (b) Ames' obligation to return personal property of Sintetica, including devices, upon any termination; (c) Ames' acknowledgment of her receipt of Proprietary Information of Sintetica; and (d) the requirement that she provide and not disclose Proprietary Information of Sintetica.

12.    In the weeks following Ames' initial employment by Sintetica, despite Ames' claim to extensive experience in the United States drug distribution and pharmaceutical marketplace, Ames' sales abilities, working relationships, and business strategies quickly proved to be inconsistent with Sintetica's strategy for the US marketplace.

13.    In addition to failing to align her efforts with Sintetica's strategy, Ames exhibited a pattern of defying management requests and of sharing and disclosing sensitive and proprietary information with potential customers without necessary care, precaution, and/or prior authorization.

14.    As a result, on March 3, 2024, Ames' employment with Sintetica was terminated

and appropriate steps were initiated to conclude the relationship, including the retrieval of Ames' laptop computer and discontinuation of her Sintetica email and computer system access.

15. On March 4, 2024, Ames elected to make an extensive exiting statement from her personal email address (the "March 4 Email") that contained a litany of false, defamatory, and unsubstantiated statements (and revealed her improper and continuing possession of Sintetica proprietary information, despite the fact that her company-issued laptop had already been retrieved and her email access to the company's systems had been discontinued).

16. Moreover, in addition to copying six Sintetica SA representatives as addressees, Ames disseminated the March 4 Email to a representative of Sintetica SA's major financial investor as well as to a third-party professional consultant working with the company.

17. Significantly, the March 4 Email contained defamatory and disparaging comments concerning Mullery, including, without limitation: (a) that Mullery was failing to meet first quarter 2024 objectives for product sales; (b) that Mullery was inflating the distribution and sale of products to wholesalers; (c) that Mullery proposed misrepresenting the company's contractual arrangements to a warehousing partner; (d) that Mullery rejected a customer order for being too small; and (e) that Mullery has a history of performance and workplace issues.

18. The foregoing statements by Ames (the "Defamatory Statements") are factually false and defamatory.

19. Moreover, Ames attempted to support her false and defamatory statements with citations to email correspondence and slide presentations that she attached to the March 4 Email, demonstrating that, following her termination, Ames had improperly retained Sintetica Proprietary Information and was prepared to use and disclose such information to third parties in breach of her Offer Letter and in violation of applicable law.

20. As a direct and proximate result of Ames' defamatory statements concerning Mullery, Mullery has suffered significant financial, reputational, and professional harm.

## Count I
## Defamation

21. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

22. Defendant Ames negligently, recklessly, and/or intentionally caused to be made and/or made false and defamatory statements of and concerning Plaintiff Mullery to third persons, including management of Sintetica SA and its financial investors.

23. These false and defamatory statements were defamatory *per se* because they have included express and implied statements that claimed that Plaintiff Mullery lacks ability or integrity in the relevant industry, trade, or profession.

24. As a result of these false and defamatory statements, Mullery's business and professional reputation has been damaged.

25. None of Defendant's defamatory statements against Mullery asserted herein was true and all were understood as assertions of fact and not as opinions.

26. Third person(s) to whom the Defendant's statements have been disseminated include, but are not limited to, Sintetica SA and its investors and professional colleagues in the relevant industry, trade, or profession.

27. The defamatory meaning of the Defendant's false and defamatory statements, and their reference to Mullery, was intended to be and was understood by third persons.

28. The Defendant's defamatory statements consisted of written, knowingly false, and unprivileged communications, intended to directly injure Mullery in his good name, profession, business, and reputation.

29. Each of the statements by the Defendant was made with knowledge that no investigation would support the unsubstantiated and false statements and, on information and belief, Defendant participated in the publication of and/or published the statements knowing them to be false and unsubstantiated.

30. Each of these false and defamatory statements was negligently, recklessly, and/or intentionally published in a manner equaling malice and abuse of any alleged conditional privilege because the statements, and each of them, were made with hatred, ill will, a disregard for the truth, and/or an intent to vex, harass, annoy, and injure Mullery and in order to cause damage to Mullery's professional and business reputation.

31. As a result of Defendants' defamatory statements, Mullery has suffered and will suffer injury, including special damage, to his good name, reputation, business, and profession, including suffering significant embarrassment, anguish, loss of profession, and economic loss, all to Mullery's economic and general damage in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Frank Mullery requests that the Court enter injunctive relief and a judgment in his favor and award the following relief against Defendant Maureen Borelli f/k/a Maureen Ames:

a. award injunctive relief enjoining Defendant Maureen Borelli from publishing, declaring, or uttering any further defamatory statements, including the defamatory statements set forth herein, of or concerning Plaintiff Frank Mullery;

b. award injunctive relief ordering Defendant Maureen Borelli to retract and correct the defamatory statements set forth herein and any further defamatory statements made of or concerning Plaintiff Frank Mullery;

c. award to Plaintiff Frank Mullery special, compensatory, exemplary, and punitive damages;

7

    d.    award to Plaintiff Frank Mullery all costs and interest to which he is entitled; and

    e.    award to Plaintiff Frank Mullery such other and further relief as the Court may deem appropriate.

## JURY DEMAND

A trial by jury is hereby demanded on all claims and issues so triable.

Respectfully submitted,

DENTONS COHEN & GRIGSBY P.C.

By: */s/ Fridrikh V. Shrayber*
      Fridrikh V. Shrayber

625 Liberty Avenue, 5th Floor
Pittsburgh, PA 15222-3152
Phone:  (412) 297-4900
Fax:    (412) 209-1975
fred.shrayber@dentons.com

*Counsel for Plaintiff Frank Mullery*

Dated: March 4, 2025